**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 108925

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALLISON REUTLINGER, <br><br> Plaintiff, <br><br> vs. <br><br> NORTHSTAR LOCATION SERVICES, LLC, <br><br> Defendant. | Docket No: <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

ALLISON REUTLINGER (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against NORTHSTAR LOCATION SERVICES, LLC (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and New York General Business Law ("NYGBL") § 349.

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4.      At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.      Plaintiff is an individual who is a citizen of the State of New York.

6.      Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7.      On information and belief, Defendant's principal place of business is located in Cheektowaga, New York.

8.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.      Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10.     Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11.     Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12.     At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

13.     In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence. ("Exhibit 1.")

14.     Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

15.     As set forth in the following Counts, Defendant's communication violated the FDCPA and NYGBL.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

18. The written notice must contain the amount of the debt.

19. The written notice must contain the name of the creditor to whom the debt is owed.

20. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

21. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

22. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

23. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

24. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

25. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

3

26. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

27. Here, Defendant's letter provides, "Please note that your account has been placed with us to seek a resolution. If a resolution is not reached, our client will remove this account from our office and may consider additional remedies to recover the outstanding debt."

28. Defendant's statement would likely make the least sophisticated consumer uncertain as to her rights.

29. Defendant's statement would likely make the least sophisticated consumer confused as to her rights.

30. Defendant's statement would likely make the least sophisticated feel threatened.

31. Defendant's statement would likely make the least sophisticated feel intimidated.

32. Defendant's statement would likely lead the least sophisticated consumer believe that if payment is not issued, legal action is imminent.

33. There is no reason Defendant would include the statement in their letter other than to invoke fear, intimidation, and confusion.

34. There is no reason Defendant would include the statement in their letter other than to invoke fear, intimidation, and confusion to make the least sophisticated consumer pay the alleged debt rather than invoke her validation rights.

35. Defendant's statement overshadows the consumer's right to seek validation of the debt.

36. Defendant's statement overshadows the consumer's right to dispute the debt.

37. Defendant has violated § 1692g as the above-referenced language overshadows the information required to be provided by that Section.

### SECOND COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

38. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

39. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

40. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

41. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

42. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

43. Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

44. The least sophisticated consumer would likely be deceived by Defendant's conduct.

45. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

46. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### THIRD COUNT
### Violation of New York General Business Law §349

47. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

48. Defendant owed a duty to Plaintiff to effect its collection of Plaintiff's alleged debt with reasonable care.

49. Defendant's conduct as described herein shows a lack of exercise of reasonable care in Defendant's collection of the alleged debt.

50. Defendant breached its duty to collect Plaintiff's alleged debt with reasonable care.

51. Defendant's conduct was committed by Defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NY GBL § 349(a).

52. Defendant's conduct was consumer-orientated in that the letter was sent in an effort to collect an alleged consumer debt.

53. Defendant's conduct has a broader impact on consumers at large as, upon information and belief, Defendant has sent the subject form letter to hundreds of consumers.

54. Plaintiff is a reasonable consumer.

55. Defendant's conduct would mislead a reasonable consumer.

56. Defendant engaged in a material deceptive act or practice as described herein.

57. Defendant's conduct caused plaintiff to suffer injury.

58. Defendant violated NY GBL § 349(a) and is liable to Plaintiff pursuant to NY GBL § 349(h).

## JURY DEMAND

59. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages of $1,000.00 against Defendant pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Damages against Defendant pursuant to NYGBL § 349; and

d. Plaintiff's actual damages; and

e. Plaintiff's costs; all together with

f. Such other relief that the Court determines is just and proper.

DATED: May 7, 2015

        **BARSHAY SANDERS, PLLC**

        By: _/s/ Craig B. Sanders_____
        BARSHAY SANDERS, PLLC
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 706-5055
        csanders@barshaysanders.com
        *Attorneys for Plaintiff*
        Our File No.: 108925

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530